**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RMR HOME SOLUTIONS LLC d/b/a PROTAXAPPEAL and RICK ROBIN,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>DANIEL FARRIS,<br><br>Defendant/Counter-Plaintiff. | No. 23 CV 7228<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs and counter-defendants Rick Robins and his company ProTaxAppeal sued defendant Daniel Farris, seeking a declaratory judgment of noninfringement of Farris's registered copyright. Farris filed a counterclaim for copyright infringement. I granted plaintiffs' motion for summary judgment and held that they were entitled to a declaratory judgment of noninfringement. They now move for attorney's fees pursuant to 17 U.S.C. § 505. For the reasons discussed below, the motion is granted in part, denied in part.

## I. Legal Standards

Section 505 of the Copyright Act authorizes an award of attorney's fees to the prevailing party. 17 U.S.C. § 505. In deciding whether to award fees to the prevailing party, courts consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v.*

*Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (citation omitted). Prevailing plaintiffs and prevailing defendants are treated alike. *Id.* at 534.

## II. Background

I assume familiarly with the earlier order and opinion granting plaintiffs' motion for summary judgment, as well as with the underlying facts of this case, so I do not repeat them in detail here. [96].[1] Plaintiff RMR Home Solutions LLC—operating under the name ProTaxAppeal—was founded by plaintiff Rick Robin in 2005. [82] ¶ 1. ProTaxAppeal specializes in managing appeals for property owners to reduce their tax liabilities. [82] ¶ 1. Robin developed an Excel spreadsheet to assist with his analysis. [82] ¶ 4.

Robin met defendant Daniel Farris in the mid-1980s. [82] ¶ 2. In 2011, Robin pursued a successful property tax appeal on Farris's behalf and provided Farris with a spreadsheet of the data he used for the appeal. [82] ¶ 4. Farris then developed a software prototype that allowed ProTaxAppeal not to have to manually gather and enter data into the spreadsheet. [88] ¶ 7. For the next decade, Farris continued to update and develop the software, which was custom-made for Robin's business. [82] ¶¶ 47, 39.

In 2023, a disagreement arose between the parties and Farris eventually revoked Robin's access to the software. [82] ¶ 63; [88] ¶ 20. Farris's counsel sent Robin a draft complaint for copyright infringement over Robin's use of the software, leading

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of the filing.

plaintiffs to file the present lawsuit seeking, in part, a declaratory judgment for noninfringement. [85-1] at 299; [1]. In response, Farris filed a counterclaim for copyright infringement. [18]. Plaintiffs moved for summary judgment and to dismiss the counterclaim, which I granted. [96]. Plaintiffs now move for attorney's fees and related nontaxable expenses. [103].

## III. Analysis

### A. Application of Section 412 and 505

Defendant argues that plaintiffs' claim for attorney's fees is barred by § 412(1) of the Copyright Act. [108] at 8–11. But § 412 has a role to play only in cases involving infringement; the statute does not apply to cases involving the absence of infringement. Section 412(1) states that (in certain circumstances), "no award of statutory damages or attorney's fees, as provided by sections 504 and 505, shall be made for … any infringement of copyright in an unpublished work commenced before the effective date of its registration." 17 U.S.C. § 412(1). In this case there was no infringement because Robin was a joint author of the software and thus could not infringe on Farris's copyright as a matter of law. [96] at 10. Absent an "infringement," § 412(1) does not apply. And Farris's contention that his § 412 argument aligns with plaintiffs' position in their motion for summary judgment does not advance his cause. *See* [108] at 9 (citing [68]). Whether Farris could have recovered attorney's fees if he had succeeded on his counterclaim for copyright infringement is a question distinct from whether plaintiffs can recover attorney's fees for establishing noninfringement as a matter of law. Plaintiffs did not infringe, so § 412 does not apply (irrespective of

the timing of the copyright registration). The cases cited by defendant do not contradict this interpretation of the statute because none of the cases involve claims for fees where the court had found noninfringement as a matter of law. *See* [108] at 9 (citing *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729 (7th Cir. 1996); *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178 (2022); and *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 1994 WL 16484076 (N.D. Ill. Jan. 4, 1994)).

Defendant also argues that "joint authorship determinations" are "fundamentally different from typical copyright disputes involving infringement claims and therefore, outside the remedial framework of Section 505." [108] at 11. This argument is without merit. None of his three cited cases share the same procedural posture as the present action; one is the appeal of a district court granting a preliminary injunction, *see Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061 (7th Cir. 1994); one is the appeal of a district court granting partial summary judgment, *see Janky v. Lake Cnty. Convention & Visitors Bureau*, 576 F.3d 356 (7th Cir. 2009); and one declares copyright ownership, but stops short of ruling on infringement, *see Woods v. Resnick*, 725 F.Supp.2d 809 (W.D. Wis. 2010). Although all three cases, like this one, concern joint authorship, they did not address whether at the end of the case, one side prevailed against the other. Motions for attorney's fees do not arise until after the parties know the outcome of the underlying litigation. The fact that defendant found no precedent applying § 505 to joint authorship cases, [108] at 10,

does not mean that the statute—which on its face allows for the award of reasonable attorney's fees in "any civil action under" Title 17—does not apply.[2]

### B. *Fogerty* Analysis

Plaintiffs are not precluded from recovering attorney's fees. The question is whether such an award is appropriate in the instant case. In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court "recognized the broad leeway § 505 gives to district courts—but also established several principles and criteria to guide their decisions." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016). A court may not award attorney's fees as a matter of course but rather must make a case-by-case assessment. *Id.* The Court also approved "several nonexclusive factors" to inform a court's fee-shifting decisions: "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Fogerty*, 579 U.S. at 534 n.19) (cleaned up).

Specifically, courts must "give substantial weight to the objective reasonableness of the losing party's position." *Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 351 (7th Cir. 2020) (citing *Kirtsaeng*, 579 U.S. at 209–10). According to Farris, the "only issue" was whether plaintiffs had joint authorship rights in the software. [108] at 6. Though he ultimately lost on his claim for exclusive ownership,

[2] Contrary to defendant's argument, there is relevant precedent on this issue. In *Sullivan v. Flora*, 936 F.3d 562 (7th Cir. 2019), which defendant cited in his summary judgment opposition, [85] at 3, 12, the court approved the applicability of § 505 in a case over joint authorship. The court also evaluated and rejected the defendant's § 412 defense before turning to the discretionary analysis provided for in § 505. *Sullivan*, 936 F.3d at 573.

Farris contends that he never tried to mislead the Copyright Office nor made frivolous arguments and therefore his conduct was not objectively unreasonable. [108] at 4–6. Plaintiffs argue that settled law precluded Farris's claim of sole authorship. [103] at 5. Not every losing claim is objectively unreasonable. *See Kirtsaeng*. 579 U.S. at 202 (noting that courts must make particularized, case-by-case assessments). But even though Farris did not mislead anyone in pursuit of his claim, it was so weak that it was not reasonable to pursue. The parties worked together for over ten years. [82] ¶ 47. Farris essentially copied the formatting of Robin's spreadsheet to make the prototype. [82] ¶¶ 5–6. Farris's argument that he was the sole author of the product since its inception was an objectively flawed theory. Arguing that he was the sole author because he registered the copyright was a legally flawed theory. And as explained above, continuing to make deficient arguments about the applicability of § 412 cuts against the reasonableness of defendant's litigation strategy.

Further, within a *Fogerty* analysis, the two most important considerations in deciding whether to award fees "are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Klinger v. Conan Doyle Est.*, 761 F.3d 789, 791 (7th Cir. 2014) (quoting *Assessment Techs. of Wis. v. WIREdata, Inc.*, 361 F.3d 434, 436–37 (7th Cir. 2004)). As a consequence of the successful defense of an infringement suit, the defendant is entitled to a "very strong" presumption in favor of being awarded fees. *Id.* (quoting *Assessment Techs.*, 361 F.3d at 437).

But the alleged infringer does not always take the formal role of "defendant." "[A] declaratory judgment plaintiff in a copyright case is in effect a defendant permitted to precipitate the infringement suit." *Id.* at 792. Here, plaintiffs filed their declaratory judgment action only after Farris's lawyer sent them a draft complaint for copyright infringement (and ultimately became a defendant in Farris's counterclaim). [85-1] at 299; [18].

Farris fails to overcome the presumption that plaintiffs—as successful defenders against a claim of infringement—are entitled to attorney's fees. The prevailing party's case was strong. *See Assessment Techs.*, 361 F.3d at 436. Even giving Farris the benefit of all reasonable inferences, I concluded at summary judgment that Robin and Farris were joint authors and that plaintiffs were entitled to a declaratory judgment of noninfringement. [96]. In other words, the facts and law conclusively favored plaintiffs' position.

The amount of damages or other relief that the prevailing party received also supports awarding attorney's fees. A meritorious defense, or in this case, a meritorious declaratory judgment claim, which leads to no monetary award presumptively entitles the noninfringer to fees. *See Klinger*, 761 F.3d at 791. "For without the prospect of such an award, an infringement defendant might be forced into a nuisance settlement or deterred altogether from exercising its rights." *Id.*

(cleaned up). Thus, taking into consideration (and properly weighing) the factors underlying § 505, plaintiffs are entitled to reasonable attorney's fees.[3]

### C. Reasonableness of Fees

Farris argues that plaintiffs' attorney's fees and nontaxable expenses are unreasonable and unnecessary. [108] at 11–12. Plaintiffs respond that Farris has waived this argument for failing to participate in the process articulated by Local Rule 54.3. [109] at 1–4. Local Rule 54.3 provides that parties "shall confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion." N.D. Ill. Local R. 54.3(d). As part of this process, "the parties shall specifically identify" all hours, billing rates, and expenses that will and will not be objected to and the basis of any objection. *Id.*

In response to plaintiffs' December 29, 2025 correspondence setting forth plaintiffs' demand for attorney's fees and nontaxable expenses, defendant stated only that plaintiffs were not entitled to fees pursuant to § 412. [103-5] at 3. Defendant did not challenge the fee amount. Plaintiffs noted this omission in their January 5, 2026 reply and requested that defendant "proceed with the information exchange required

[3] The balance of the other *Fogerty* factors favors an award of fees. Farris argues that his motivation in filing or contesting the action was not questionable and that there were "no ill motivations by the parties here." [108] at 7. Yet the facts presented at summary judgment tell a different story—one of a soured relationship between colleagues leading to litigation threats and attempted corporate sabotage. *See* [96] at 6. Whether awarding fees would advance considerations of compensation and deterrence is neutral. Compensation promotes the pursuit of a meritorious defense. *See Klinger*, 761 F.3d at 791. At the same time, there is no evidence to suggest that Farris is a frequent litigant and needs to be deterred from pursuing similar conduct in the future.

by Local Rule 54.3." [103-5] at 2. After defendant failed to do so, plaintiffs filed their present motion for fees and expenses.

Defendant contends that he complied with the rule "procedurally and in spirit." [108] at 13. But this assertion is not supported by the record. Defendant "never filed specific objections" and thus plaintiffs were "denied an opportunity to respond by clarifying or supplementing [their] records." *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 628 (7th Cir. 2001). Defendant took a risk by categorically denying that plaintiffs were entitled to fees and not addressing what would happen if he was wrong on that point. He has not meaningfully participated in the process required by Rule 54.3 and thus waived objections to plaintiffs' fee petition.

That said, courts have the discretion to deny or reduce an award of attorney's fees, even where the opposing party has waived any objections. *See* 17 U.S.C. § 505 (noting that the court *may* award a *reasonable* attorney's fee). Despite his waiver, defendant contends that plaintiffs' claimed fees were excessive (for example, plaintiffs' claimed fees were nearly three times the value of defendant's attorney's fees). [108] at 11. But an attorney's efficiency (or lack thereof) is not necessarily a sign of reasonableness. It is reasonable that the party that moved for summary judgment would have spent more time preparing the motion (and the accompanying Rule 56.1 statement) than the responding party. Further, plaintiffs' time logs are clear and sufficiently detailed.[4] Litigation—especially litigation that involves extensive

[4] Plaintiffs reduced (or did not claim) fees for the time spent pursuing their state-law tortious interference claim, which was dismissed after I declined to exercise supplemental jurisdiction

discovery, an amended complaint, a counterclaim, attempted settlement, and a motion for summary judgment—is an expensive and time-consuming undertaking. Indeed, litigation in this case commenced in 2023 and the present motion was not briefed until 2026.

Plaintiffs argue that their hourly rates (between $605 and $800 per hour) "are supported by the current market and are consistent with prevailing rates in this district." [103] at 9. There is no evidence that the client actually paid the bills. *See Assessment Techs.*, 351 F.3d at 438 ("The best evidence of the value of the lawyer's services is what the client agreed to pay him."). But while defendant challenges the *number* of hours billed by plaintiffs as excessive, he does not contend that the rates were unreasonable. Plaintiffs' rates are not inconsistent with market rates for copyright litigation in the Chicago area. Thus, even if defendant had not waived his objections, I find that the requested attorney's fees are reasonable.

However, I decline to award the requested nontaxable expenses. Though § 505 states that courts may allow the recovery of "full costs," this term is limited to the costs specified in 28 U.S.C. §§ 1821 and 1920. *See Rimini Street, Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 346 (2019). Plaintiffs have already sought (and been awarded) taxable expenses. *See* [99]; [104]. The nontaxable expenses they now seek—for "document hosting and storage services" and "expert witness fees"—are not permitted under § 505. [103-1] at 2. *See, e.g.*, *Rimini Street*, 586 U.S. at 340 (noting that the

following my grant of a declaratory judgment of noninfringement. [103-1]; [103-2]; [103-3]; [96] at 11.

Copyright Act does not authorize an award for expenses such as expert witness fees or e-discovery expenses).

## IV. Conclusion

Plaintiffs' motion for attorney's fees, [103], is granted in part, denied in part. The court awards attorney's fees in the amount of $349,626.25. The court denies plaintiffs' request for an award of nontaxable expenses.

ENTER:

Manish S. Shah
United States District Judge

Date: September 16, 2026